Lucicert, J.,
concurring: I write separately simply to state that I would take the opportunity presented by Kenneth Crawford’s arguments to simplify the prosecutorial misconduct standard of review. The majority’s explanation of the “little weight in the minds of the jurors” standard demanded four paragraphs in which it set out tire dual standard for determining whether the misconduct affected the jury’s verdict. But, as the majority noted, as a practical matter, we are ultimately called upon to apply the federal constitutional harmless error standard of Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705, reh. denied 386 U.S. 987 (1967), when assessing whether the misconduct was harmless. Given this practical reality, I would modify the standard by no longer using tire “little weight in the minds of the jurors” standard or referring to the lower reasonable probability standard applied under K.S.A. 60-261.
In State v. Tosh, 278 Kan. 83, 85, 97, 91 P.3d 1204 (2004), we held that misconduct implicates federal constitutional due process rights. Consequently, I perceive no reason to preserve any references to the lower, statutory standard. Retaining the dual standard and its umbrella description of “little weight in the minds of the jurors” is more confusing than helpful. Either, as in the Court of Appeals opinion in this case, the appellate court omits the explanation or, as in the majority opinion, each opinion is burdened with the fairly lengthy discussion. If the explanation is omitted, confusion results, as evidenced by Crawford’s arguments; it is entirely reasonable for parties to question whether the court has imposed the controlling test—the federal constitutional harmless error standard. The alternative of repeatedly including language about the standard of K.S.A. 60-261, which for practical reasons plays no role in the ultimate analysis, places form over substance and causes its own confusion about why we are discussing a statutory standard we are not applying.
To avoid future confusion, I would modify the final step of the Tosh fair trial inquiry to state that an appellate court may declare a prosecutor’s misconduct harmless only if the State establishes *759 beyond a reasonable doubt that the misconduct did not contribute to the verdict.
Biles, J., and Gerald T. Elliott, District Judge Retired, assigned, join in tire foregoing concurring opinion.